BEHR, Respondent, v. INTERBORO RAPID TRANSIT CO., Appellant. (Supreme Court, Appellate Division, First Department. April 25, 1913.) Action by Carl H. F. Behr against the Interboro Rapid Transit Company. W. H. Wood, of New York City, for appellant. G. W. Field, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

BEHRMAN v. GETZKAY. (Supreme Court, Appellate Division, First Department. April 11, 1913.) Action by Samuel Behrman against Isaac M. Getzkay. No opinion. Motion denied, with $10 costs. Order filed.

In re BELL. (Supreme Court, Appellate Division, Second Department. May 9, 1913.) In the matter of the application of James A. Bell for a peremptory writ of mandamus, directed to Charles S. Devoy, Clerk of the County of Kings, respondent. No opinion. Order affirmed, with $10 costs and disbursements.

BEVES v. POST. (Supreme Court, Appellate Division. First Department. May 23, 1913.) Appeal from Special Term, New York County. Action by Arthur S. Beves against Mary E. Post, as executrix. From an order directing a compulsory reference, defendant appeals. Reversed. M. H. Cane, of New York City, for appellant. D. Flannagan, of New York City, for respondent.
PER CURIAM. It is apparent that this case can be tried before a jury, and in view of the nature of the services rendered no long account is presented, which would justify the court in referring the case against the wish of the defendant. The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

BIANCHI, Appellant, v. LEON et al., Respondents. (Supreme Court, Appellate Division, First Department. April 18, 1913.) Action by Martha G. D. Bianchi against Maurice Leon and another. P. Carpenter, of New York City, for appellant. C. F. Brown, of New York City, for respondents. No opinion. Judgment affirmed, with costs. Order filed. See, also, 153 App. Div. 894, 137 N. Y. Supp. 1111.

BISHOP, Respondent, v. BISHOP, Appellant. (Supreme Court, Appellate Division, First Department. April 11, 1913.) Action by Abigail H. Bishop against James C. Bishop. H. W. Taft, of New York City, for appellant. L. S. Posner, of New York City, for respondent. No opinion. Order modified, as stated in order, and, as modified, affirmed, without costs. Order filed. See, also, 141 N. Y. Supp. 1109.

BISHOP v. BISHOP. (Supreme Court, Appellate Division, First Department. April 11, 1913.) Action by Abigail H. Bishop against James C. Bishop. No opinion. Motion denied, without costs. Order filed. See, also, 141 N. Y. Supp. 1109.

BISHOP v. BISHOP. (Supreme Court, Appellate Division, First Department. May 23. 1913.) Action by Abigail H. Bishop against James C. Bishop. No opinion. Motion granted. Settle order on notice. See, also, 141 N. Y. Supp. 1109.

In re BLACKWELL'S ISLAND BRIDGE. (Supreme Court, Appellate Division, First Department. May 9, 1913.) In the matter of the Blackwell's Island Bridge. No opinion. Referee's report confirmed, and application granted. Settle order on notice. See, also, 153 App. Div. 894, 137 N. Y. Supp. 1111.

In re BLAKESLEE. (Supreme Court, Appellate Division, Third Department. May 7, 1913.) In the matter of the application of Fred H. Blakeslee to lay out a highway in the town of Sanford, Broome county, N. Y., and the assessment of damages therefor. No opinion. Order unanimously affirmed, with costs.

BLASIUS, Respondent, v. STANDARD OIL CO. OF NEW YORK, Appellant. (Supreme Court, Appellate Division, Second Department. April 11, 1913.) Action by Peter Joseph Blasius against the Standard Oil Company of New York.
PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event, on the ground that the verdict was contrary to the evidence. The plaintiff's evidence admits of no conclusion, except that he was one of the gang doing the work; that, whatever was the danger to which he was exposed, it was due to the manner in which the work was prosecuted; and the rule that it is the duty of the master to furnish his servant with a reasonably safe place in which to work has no application.

BLICE, Appellant, v. GOGGIN et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. May 21, 1913.) Action by Hannah Goggin Blice against John B. Goggin and others.
PER CURIAM. Judgment reversed, and new trial granted, with costs to appellant to abide event. Held: (1) That the determination of the Special Term that plaintiff did not purchase the mortgage, but paid the same to discharge her debt to defendant John B. Goggin, is contrary to and against the weight of the evidence. (2) That entry of judgment upon the memorandum or opinion of the justice presiding at the trial without formal findings was irregular and unauthorized.

In re BLOCK BOUNDED BY CHAUNCEY AND MARION STREETS AND HOPKINSON AND ROCKAWAY AVENUES IN CITY OF NEW YORK. (Supreme Court, Appellate Division, Second Department. April 11, 1913.) In the matter of acquiring title by the city of New York, to certain land, etc., sit-